BALAR EQUIPMENT CORPORA-
TION, an Arizona corporation,
Plaintiff–Appellee,

v.

VT LEEBOY, INC., a North Carolina corporation formerly known as B.R. Lee Industries, Inc., Defendant–Appellant,

and

John Does, I–X, inclusive; Jane Does, I–X, inclusive; Black and White Corporation, I–X, inclusive; XYZ Partnerships, I–X, inclusive, Defendants.

No. 08–15007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2009.

Filed June 26, 2009.

Mark D. Samson, Keller Rohrback, PLC National Bank Plaza, Phoenix, AZ, for Plaintiff–Appellee.

Joel P. Hoxie, Esq., Todd Williams, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Defendant–Appellant.

Before: TROTT, McKEOWN and IKUTA, Circuit Judges.

## MEMORANDUM *

Plaintiff Balar Equipment ("Balar") was the exclusive dealer in Arizona for certain LeeBoy, Inc. ("LeeBoy") products when LeeBoy attempted to terminate Balar as a dealer. Balar resisted, claiming that the termination violated the Arizona Equipment Dealers Act, A.R.S. §§ 44–6701 to 44–6709 ("Act"). When LeeBoy refused to withdraw its termination notice, Balar sued for damages allegedly arising from the termination. LeeBoy countered with a motion to dismiss in favor of arbitration. The district court denied LeeBoy's motion, holding that the contract between the parties incorporated the Act and thereby excluded the termination dispute from arbitration.

We reverse and remand with instructions.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The controlling contract contains in Section 11 an arbitration provision covering "any dispute, controversy, difference or claim arising out of, relating to or in connection with this Agreement" and requiring the same to be "finally settled by arbitration."

Balar asserts, however, that Section 12 of the Agreement exempts this termination dispute from the contract's arbitration provision. Section 12 states,

> Some states have laws that give you certain rights that may vary from, or are in addition to, those found in this Agreement. If your principal place of business is located in one of those states, this Agreement is *deemed amended* to the fullest extent necessary to provide you those rights.

(emphasis added).

LeeBoy counters that Section 12, which does not mention the Act, is merely a generic choice-of-law clause that does not address arbitration. Moreover, LeeBoy asserts as an aside that its relationship with Balar simply is not covered by the Act.

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–14, doubts as to whether the parties agreed to arbitrate a specific dispute should be resolved in favor of coverage. *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Moreover,

> where the contract contains an arbitration clause, there is a presumption of arbitrability ... 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'

*Id.* (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584–85, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). "In the absence of any express provision excluding a particular grievance from arbitration, ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (quoting *Warrior & Gulf Navigation Co.*, 363 U.S. at 584–85, 80 S.Ct. 1347).

We agree with LeeBoy's construction of the Agreement. Nowhere does Section 12 reference by implication or otherwise the Act, nor does it exclude any dispute from arbitration. Certainly Section 12 does not contain an "express provision" excluding this dispute from arbitration by incorporating the Act. Moreover, the Agreement's use of the term "amended" is insignificant in this context without more specifics to identify what it covers. As in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), and *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205 (9th Cir. 1998), Section 12 "may reasonably be read" as a general choice-of-law provision. *Mastrobuono*, 514 U.S. at 59, 115 S.Ct. 1212. The language in *Mastrobuono* and *Wolsey* to which those courts looked— "governed by" and "interpreted and construed under"—is different but not distinguishable from the use of "amended" in this case.

REVERSED and REMANDED with instructions to stay pending the completion of arbitration proceedings in North Carolina.